**FILED**

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

APR 15 2005
CLERK'S OFFICE
U. S. DISTRICT COURT
EASTERN MICHIGAN

WYNN SATTERLEE,

    Petitioner,

v.

Civil No. 03-71682-DT
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent.

_____/

## OPINION AND ORDER GRANTING AN EVIDENTIARY HEARING ON PETITIONER'S FIRST, SECOND, AND EIGHTH INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Wynn Satterlee, ("petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed by attorney James Sterling Lawrence, petitioner challenges his conviction on one count of conspiracy to deliver over 650 grams of cocaine. For the reasons stated below, the Court will **GRANT** an evidentiary hearing with respect to three of petitioner's ineffective assistance of counsel claims.

### I. Background

Petitioner was convicted of the above offense following a jury trial in the Ingham County Circuit Court and was sentenced to 20 to 30 years in prison.

1

*Satterlee v. Wolfenbarger,* 03-71682-DT

Prior to trial, petitioner's counsel informed him that the Ingham County Prosecutor's Office was willing to negotiate a plea, whereby petitioner could receive a sentence of seven to twenty years in exchange for his cooperation, and a sentence of ten to twenty years even without cooperating. Petitioner rejected this offer.

On November 30, 1998, approximately one week before trial, petitioner's trial counsel purportedly sent a letter to petitioner's home, informing him that the Ingham County Prosecutor had improved the plea offer and was now willing to offer petitioner a sentence of three to seven years in exchange for his cooperation, and seven to twenty years if he did not cooperate. Petitioner claims that he never received this letter from his counsel concerning the improved plea offer, learning about this letter only after his appeal of right had concluded and when his trial counsel, who had also represented petitioner on his appeal of right, forwarded petitioner his file. Petitioner claims that he had left the state of Michigan just prior to trial, to handle business matters in the state of Nevada. He further alleges that his counsel knew that he was out of state, because the two men had spoken by telephone. Petitioner claims that his counsel made no other attempts to communicate the improved plea offer to him, even though counsel was aware that petitioner was not in the state of Michigan prior to trial. In an affidavit, petitioner's current counsel, James Sterling Lawrence, claims that he

2

*Satterlee v. Wolfenbarger*, 03-71682-DT

spoke with the prosecuting attorney, John Cipriani. Cipriani denied that there was ever a plea offer of three to seven years, but purportedly admitted that a plea offer of six to twenty years was made to petitioner.

Petitioner was represented on his direct appeal by the same attorney who had represented him at trial. Petitioner's conviction was affirmed on appeal. *People v. Satterlee*, 217262 (Mich.Ct.App. March 28, 2000); *lv. den.* 462 Mich. 902; 659 N.W. 2d 227 (2000). Petitioner thereafter filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.*, which the trial court denied. *People v. Satterlee*, 98-73173-FH (Ingham County Circuit Court, July 24, 2001). The Michigan appellate courts denied petitioner leave to appeal pursuant to M.C.R. 6.508(D). *People v. Satterlee*, 242009 (Mich.Ct.App. November 4, 2002); *lv. den.* 468 Mich. 894; 661 N.W. 2d 241 (2003). Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Petitioner had ineffective assistance of counsel relating to plea negotiations.
>
> II. Petitioner never rejected the prosecutor's offer because he never heard of it, and did cooperate, therefore, he should be permitted to accept the offer now.
>
> III. Untruthful or perjured testimony and prosecutor argument justifies the grant of a new trial.
>
> IV. Petitioner had ineffective assistance of counsel where counsel used the wrong rule to seek admission of evidence, and rebuffed the judge's suggestion about the right rule.

3

V. Petitioner had ineffective assistance of counsel where counsel failed to object to argument and profile testimony about characteristics of drug dealers.

VI. Petitioner had ineffective assistance of counsel where counsel failed to object to leading questions that changed a witness's testimony.

VII. Petitioner had ineffective assistance of counsel where counsel failed to object to argument shifting the burden of proof.

VIII. Petitioner was prejudiced by ineffective assistance of appellate counsel, where counsel failed to raise issues including ineffective assistance of counsel against himself.

## II. Discussion

The Court will discuss petitioner's first, second, and eighth ineffective assistance of counsel claims together for purposes of judicial clarity.

### 1. Standard of Review

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the

4

presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Johnson v. Warren,* 344 F. Supp. 2d 1081, 1095 (E.D. Mich. 2004).

2. *The individual claims.*

A. Petitioner is entitled to an evidentiary hearing on his first, second and eighth ineffective assistance of counsel claims.

In his first and second claims, petitioner contends that his trial counsel was ineffective for failing to adequately communicate a plea bargain offer that had been made to him by the prosecutor prior to trial. As part of his eighth claim, petitioner contends that his counsel was ineffective for not raising this ineffective assistance of counsel claim on his direct appeal. Respondent contends that all of petitioner's claims are procedurally defaulted, because he raised them for the first time in his post-conviction motion and the Michigan appellate courts denied petitioner leave to appeal pursuant to M.C.R. 6.508(D).

Assuming that the state trial court's decision constituted an invocation of the procedural bar found in M.C.R. 6.508(D)(3), petitioner contends that any such default should be excused because of the ineffective assistance of appellate counsel. If petitioner can show that he received ineffective assistance of

5

appellate counsel that rose to the level of a Sixth Amendment violation, it would excuse his procedural default for failing to raise his claims on his direct appeal in the state courts. *Seymour v. Walker,* 224 F. 3d 542, 550 (6th Cir. 2000).

In the present case, petitioner argues that any default for failing to raise his claims on direct appeal should be excused because he was deprived of the effective assistance of appellate counsel, in part because he was represented on direct appeal by the same attorney who represented him at trial. A number of cases have excused a habeas petitioner's failure to raise an ineffective assistance of trial counsel claim on his direct appeal, where the petitioner was represented on appeal by the same attorney who represented him at trial. *See e.g. Combs v. Coyle,* 205 F. 3d 269, 275-77 (6th Cir. 2000); *Osborn v. Shillinger,* 861 F. 2d 612, 623 (10th Cir. 1988); *Alston v. Garrison,* 720 F. 2d 812, 816 (4th Cir. 1983); *See also Whiting v. Burt,*395 F. 3d 602 (6th Cir. 2005)(fact that attorney who represented petitioner on direct appeal also served as petitioner's attorney at trial might serve as cause for petitioner's failure to assert on direct appeal any claims based on ineffective assistance of trial counsel, although petitioner would be required to show prejudice before the default could be excused).

Moreover, petitioner could not have procedurally defaulted his ineffective

6

assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. See *Hicks v. Straub*, 377 F. 3d 538, 558, n. 17 (6th Cir. 2004); *Johnson v. Warren*, 344 F. Supp. 2d at 1089, n. 1.

This Court concludes that petitioner's first two ineffective assistance of counsel claims and his ineffective assistance of appellate counsel claim are not procedurally defaulted. The next question becomes whether petitioner is entitled to an evidentiary hearing on these claims.

A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

> (1) the merits of the factual dispute were not resolved in a state hearing;
> (2) the state factual determination is not fairly supported by the record as a whole;
> (3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
> (4) there is a substantial allegation of newly discovered evidence;
> (5) material facts were not adequately developed at a state court hearing; or
> (6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

One of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) states that if an applicant for a writ of habeas corpus has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

7

*Satterlee v. Wolfenbarger*, U.S.D.C. 03-71682-DT

(A) the claim relies on:

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254 (e)(2).

Under the opening clause of § 2254 (e)(2), a failure to develop the factual basis of a claim by a habeas petitioner is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Diligence for purposes of the opening clause of this subsection of the AEDPA depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts would have been successful. *Id.* at 435. Diligence will require that the petitioner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.*

Federal-state comity is not served by stating that a prisoner has "failed to develop the factual basis of a claim" where he was unable to develop his or her claim in state court despite diligent efforts to do so. In that circumstance, an

8

evidentiary hearing is not barred by U.S.C.§ 2254 (e)(2). *Williams v. Taylor*, U.S. at 437. If there is no lack of diligence at the relevant stages in the state proceedings, a petitioner has not failed to develop the facts under the opening clause of the AEDPA governing whether a federal habeas petitioner may obtain an evidentiary hearing on a claim for which a petitioner has failed to develop a factual basis in state court proceedings, and petitioner will be excused from showing compliance with the balance of the subsection's requirements. *Id.*

The Court finds that petitioner is entitled to an evidentiary hearing on these ineffective assistance of counsel claims. In the present case, petitioner alleges that his trial counsel failed to adequately convey a plea bargain offer to him prior to trial. Petitioner has attached a letter from his trial counsel dated November 30, 1998, in which counsel informed petitioner that the Ingham County Prosecutor was willing to offer a sentence of three to seven years in exchange for his cooperation, and seven to twenty years without his cooperation. Petitioner claims in an affidavit that he never received this letter, in part, because he had gone to the State of Nevada on business. Petitioner alleges, however, that his counsel knew that he was in Nevada, because the two had spoken on the telephone, but never attempted to contact petitioner in Nevada to inform him of the plea bargain offer. In his affidavit, petitioner claims that his wife told him that this letter from

9

*Satterlee v. Wolfenbarger*, U.S.D.C. 03-71682-DT

counsel never arrived at their home. Petitioner's current counsel, James Sterling Lawrence, has also signed an affidavit, in which he claims that the prosecutor in this case informed him that there was a plea offer of six to twenty years made to petitioner prior to trial. In his affidavit, petitioner claims that he was never informed about this plea bargain offer. Petitioner indicates that had he been informed of this plea bargain offer, he would have accepted the offer, even though he had preferred a better plea bargain offer.

     This Court concludes that petitioner is entitled to an evidentiary hearing on these ineffective assistance of counsel claims. By requesting an evidentiary hearing on his ineffective assistance of counsel claims in his state post-conviction proceedings, petitioner demonstrated due diligence, for purposes of § 2254(e)(2). *See Greer v. Mitchell*, 264 F. 3d 664, 681 (6th Cir. 2001); *Alexander v. Smith*, 342 F. Supp. 2d 677, 690, n. 6 (E.D. Mich. 2004).

     Secondly, petitioner has stated a claim, which if true, could entitle him to habeas relief. A defense attorney's failure to notify his client of a prosecutor's plea bargain offer constitutes defective performance, for the purpose of a claim of ineffective assistance of counsel. *See Griffin v. United States*, 330 F. 3d 733, 737 (6th Cir. 2003). The second element of the *Strickland* test in the plea offer context is that there is a reasonable probability the petitioner would have pleaded guilty

10

given competent advice. *Id.* The Sixth Circuit has declined to hold that a defendant must support his own assertion that he would have accepted the plea offer with additional objective evidence and "[a] substantial disparity between the penalty offered by the prosecution and the punishment called for by the indictment is sufficient to establish a reasonable probability that a properly informed and advised defendant would have accepted the prosecution's offer." *Id.* at 737. In this case, petitioner received a sentence of twenty to thirty years after trial. Clearly, the large disparity between this sentence and a sentence of six to twenty years, or less, if the letter from petitioner's counsel is to be believed, could support a finding that there is a reasonable probability that petitioner would have accepted either of the plea offers that were allegedly made in this case.

In the present case, factual questions as to the nature and quality of advice that petitioner received from counsel concerning any plea agreements that were offered by the state entitle petitioner to an evidentiary hearing on his ineffective assistance of counsel claim. *See Smith v. United States*, 348 F. 3d 545, 553 (6th Cir. 2003). In addition, because the affidavits submitted in this case are scanty and conflicting regarding the precise nature of the plea bargain offer made, an evidentiary hearing is also necessary. *See Pitcher v. Huffman*, 65 Fed. Appx. 979, 983-84 (6th Cir. 2003). Finally, because petitioner claims that he would have

11

accepted the plea offer had he known of it, the claim of prejudice also requires an evidentiary hearing to determine the credibility of petitioner's allegations. *See Sims v. United States,* 343 F. Supp. 2d 621, 624 (E.D. Mich. 2004).

Accordingly, this Court concludes that petitioner is entitled to an evidentiary hearing on his claims that his trial counsel failed to communicate any plea bargain offers to him that were offered by the Ingham County Prosecutor. Petitioner is also entitled to an evidentiary hearing on his related claim that his counsel was ineffective for failing to raise this ineffective assistance of counsel claim on petitioner's direct appeal.

### III. CONCLUSION

Based upon the foregoing, the Court concludes that petitioner is entitled to an evidentiary hearing on his first and second ineffective assistance of counsel claims involving his trial counsel's alleged failure to advise him of a plea bargain offer made by the prosecutor and his related eighth claim involving appellate counsel's failure to raise this claim on direct appeal.

HON. ARTHUR J. TARNOW
UNITED STATES DISTRICT COURT

dated: **APR 1 5 2005**

PURSUANT TO RULE 77(D), FRCvP
COPIES HAVE BEEN MAILED TO ALL
ATTORNEYS FOR ALL PARTIES ON

APR 1 5 2005

Cathe O. Pickles
DEPUTY CLERK

12