UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYNN SATTERLEE,

    Petitioner,                                      Civil No. 03-71682-DT
                                              HONORABLE ARTHUR J. TARNOW
v.                                              UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO ISSUE AN UNCONDITIONAL WRIT OF HABEAS CORPUS AND DENYING RESPONDENT'S MOTION FOR STAY PENDING APPEAL.**

**I.  Background**

On June 23, 2005, this Court granted a writ of habeas corpus to petitioner, on the ground that trial counsel's failure to convey to petitioner the prosecution's plea offer on the day of trial to allow petitioner to plead guilty in exchange for a sentence of six to twenty years constituted ineffective assistance of counsel. *See Satterlee v. Wolfenbarger,* 374 F. Supp. 2d 562 (E.D. Mich. 2005).  This Court granted the writ, conditioned upon the State of Michigan offering to permit petitioner to plead guilty to a lesser offense with a sentence agreement of six to twenty years in prison within sixty days of the opinion, or petitioner could apply for a writ ordering his release. *Id.* at p. 569-70.  On July 8, 2005, the Court released petitioner on an unsecured bond.  The Court denied respondent's motion for

1

*Satterlee v. Wolfenbarger,* 03-71682-DT reconsideration on July 14, 2005.

On September 23, 2005, petitioner filed a motion to issue an unconditional writ of habeas corpus, on the ground that respondent had failed to contact petitioner or his attorney within sixty days of this Court's order of July 14, 2005, which denied respondent's motion for reconsideration, to offer petitioner the opportunity to plead guilty with a sentence agreement of six to twenty years. On October 3, 2005, respondent filed a motion for stay pending appeal. For the reasons stated below, the Court will order that an unconditional writ of habeas corpus issue in his case. The Court will deny respondent's motion for stay pending appeal.

## II.  Discussion

The Court will first address respondent's motion for a stay pending appeal. As noted above, the Court previously released petitioner on bond.

Because habeas proceedings are civil in nature, the general standards of governing stays of civil judgments should also guide courts when they must decide whether to issue a stay pending the state's appeal. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). The factors regulating the issuance of a stay are:

>(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>(2) whether the applicant will be irreparably injured absent a stay;
>(3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and

*Satterlee v. Wolfenbarger,* 03-71682-DT

(4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. at 776.

Where the state fails to show either that it has a strong likelihood of success on appeal or can demonstrate a substantial case on the merits, the preference for release of the petitioner should control. *Hilton,* 481 U.S. at 778.

Although this Court normally grants a respondent's motion for stay of proceedings pending the appeal of an order granting a writ of habeas corpus, the Court declines to do so in this case. First, and most importantly, the respondent is not entitled to a stay of proceedings pending appeal because she has failed to show either a strong likelihood of success on appeal or that she has a substantial case on the merits. *See Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 778 (E.D. Mich. 2004). Respondent does not even argue in her motion that she has a reasonable likelihood of prevailing on the merits of the appeal. More importantly, respondent has offered no case law in support of her motion to stay the appeal. Because respondent has failed to offer any case law in support of her motion to stay the proceedings, respondent has waived her argument on this issue. *Id.*

Moreover, it would be virtually impossible for respondent to show that she has a reasonable likelihood of prevailing on the merits on appeal. This Court conducted an evidentiary hearing on petitioner's ineffective assistance of counsel claim. As this Court indicated in its opinion granting habeas relief, it found

3

*Satterlee v. Wolfenbarger,* 03-71682-DT

petitioner's testimony that he was never informed by his attorney, David Dodge, of the plea offer of six to twenty years, to be more credible than Mr. Dodge's testimony. *Satterlee v. Wolfenbarger,* 374 F. Supp. 2d at 568. In particular although Mr. Dodge testified that it was his practice to communicate all plea offers to a client, Mr. Dodge was unable to recall whether a plea offer was made on the day of trial or whether he discussed such an offer with petitioner. *Id.* This Court also found, for reasons stated in greater detail in the opinion and order, that the testimony of petitioner, his mother, and assistant prosecutor John Cipriani was more credible than Mr. Dodge's testimony on a number of matters. This Court noted that :"[I]t is the province of the district court before which a habeas corpus proceeding is taking place to make credibility determinations*." Id. (Citing Stidham v. Wingo,* 482 F.2d 817, 820 (6th Cir.1973).

In light of the fact that credibility determinations are virtually unassailable on appeal, this Court concludes that respondent is unable to show that she will likely prevail on appeal.

Secondly, respondent is not entitled to the issuance of a stay, because she has failed to show, much less argue, that she would be irreparably injured in the absence of a stay or that there would be any risk of harm to the public interest if a stay was not issued in this case. *See Ward v. Wolfenbarger,* 340 F. 3d at 778.

Finally, petitioner would suffer irreparable harm each day that he would

4

*Satterlee v. Wolfenbarger,* 03-71682-DT

remain under sentence in violation of the U.S. Constitution.  Because "remedying such harm is the very essence of the writ of habeas corpus", *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 778, respondent is not entitled to the issuance of a stay pending appeal.

The Court will also grant petitioner's motion for the issuance of an unconditional writ of habeas corpus.  A federal district court retains jurisdiction to determine whether a party has complied with the terms of a conditional order in a habeas case. *Phifer v. Warden, U.S. Penitentiary, Terre Haute, Ind.,* 53 F. 32d 859, 861 (7th Cir. 1995).  A state's failure to timely cure the error identified by a federal district court in its conditional habeas order justifies the release of the petitioner. *Phifer,* 53 F. 3d at 864.

In this case, it is undisputed that respondent failed to offer petitioner an opportunity to plead guilty to a lesser offense with a sentence agreement of six to twenty years within sixty days of the Court's order granting the writ on June 23, 2005, or the Court's order denying the motion for reconsideration on July 14, 2005.  Respondent also failed to obtain a stay of judgment pending appeal either from this Court or the Sixth Circuit within sixty days of either date.  Respondent "[f]ailed to act in a timely fashion, and cannot preclude the issuance of the writ because the window of opportunity afforded by the conditional order has passed." *Burdine v. Johnson,* 87 F. Supp. 2d 711, 716 (S.D. Tex. 2000).

*Satterlee v. Wolfenbarger,* 03-71682-DT

This Court finds that the condition precedent contained within the conditional writ of habeas corpus was not complied with by respondent. Therefore, an absolute, or unconditional, writ of habeas corpus is granted to petitioner with instructions for the state court judgment of conviction to be vacated. *See Gentry v. Deuth,* 381 F. Supp. 2d 634, 638 (W.D. Ky. 2005).

Accordingly, the judgment of conviction against petitioner for the offense of conspiracy to deliver over 650 grams of cocaine from the Ingham County Circuit Court from January 13, 1999 is vacated and the record of conviction shall be expunged. *Ward v. Wolfenbarger,* 340 F. Supp. 2d at 777. The Clerk of the Circuit Court of Ingham County, Michigan shall forward a copy of this Court's order to any person or agency that was notified of petitioner's arrest or conviction involved with this offense. *Id.* A certificate of compliance shall be filed with this Court within 30 days of the receipt of this order. *Id.*

### III. <u>ORDER</u>

**IT IS HEREBY ORDERED THAT Petitioner's Motion for Issuance of an Unconditional Writ of Habeas Corpus is GRANTED in accordance with the terms outlined in this opinion.**

**IT IS FURTHER ORDERED that Petitioner's 1999 conviction for Conspiracy to Deliver Over 650 grams of Cocaine be vacated and expunged from his records by the Clerk of the Circuit Court for Ingham County,**

*Satterlee v. Wolfenbarger,* 03-71682-DT

**Michigan in accordance with the terms outlined in this opinion.**

**IT IS FURTHER ORDERED THAT Respondent's Motion for a Stay Pending Appeal is DENIED.**

        s/Arthur J. Tarnow
        Arthur J. Tarnow
        United States District Judge

Dated: October 19, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 19, 2005, by electronic and/or ordinary mail.

        s/Catherine A. Pickles
        Judicial Secretary