**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WYNN SATTERLEE,

    Petitioner,                                 Civil No. 03-71682-DT
                                                  HONORABLE ARTHUR J. TARNOW
v.                                                UNITED STATES DISTRICT JUDGE

HUGH WOLFENBARGER,

    Respondent.
_____/

### OPINION AND ORDER ON REMAND GRANTING THE UNCONDITIONAL WRIT OF HABEAS CORPUS, ORDERING THE EXPUNGMENT OF PETITIONER'S CONVICTION, AND BARRING THE REPROSECUTION OF PETITIONER BY THE STATE OF MICHIGAN.

On June 23, 2005, this Court granted a writ of habeas corpus to petitioner, on the ground that trial counsel's failure to convey to petitioner the prosecution's plea offer on the day of trial to allow petitioner to plead guilty in exchange for a sentence of six to twenty years constituted ineffective assistance of counsel. *See Satterlee v. Wolfenbarger,* 374 F. Supp. 2d 562 (E.D. Mich. 2005). This Court granted the writ, conditioned upon the State of Michigan offering to permit petitioner to plead guilty to a lesser offense with a sentence agreement of six to twenty years in prison within sixty days of the opinion, or petitioner could apply for a writ ordering his release. *Id.* at p. 569-70. On July 8, 2005, the Court released petitioner on an unsecured bond. The Court denied respondent's motion for reconsideration on July 14, 2005.

On October 19, 2005, this Court granted petitioner an unconditional writ of habeas corpus, based upon respondent's failure to timely comply with the Court's original conditional order to offer petitioner an opportunity to plead guilty to a lesser

offense with a sentence agreement of six to twenty years within sixty days of the Court's order granting the writ on June 23, 2005, or the Court's order denying the motion for reconsideration on July 14, 2005. The Court ordered that the judgment of conviction against petitioner for the offense of conspiracy to deliver over 650 grams of cocaine from the Ingham County Circuit Court from January 13, 1999 was to be vacated and the record of conviction should be expunged. The Court further ordered the Clerk of the Circuit Court of Ingham County, Michigan to forward a copy of this Court's order to any person or agency that was notified of petitioner's arrest or conviction involved with this offense. The Court further ordered that a certificate of compliance should be filed with this Court within 30 days of the receipt of this order. *Satterlee v. Wolfenbarger,* No. 2005 WL 2704877, * 2-3 (E.D. Mich. October 19, 2005).

The respondent appealed the Court's rulings to the Sixth Circuit. On June 30, 2006, the Sixth Circuit affirmed both the original conditional grant of the writ of habeas corpus, as well as the Court's subsequent issuance of an unconditional writ upon the respondent's failure to timely comply with the conditions of the original writ. *Satterlee v. Wolfenbarger,* 453 F. 3d 362 (6th Cir. 2006); *cert. den.* 127 S. Ct 1832 (2007). The Sixth Circuit remanded the matter to this Court to clarify whether the state could reprosecute petitioner. For the reasons that follow, the Court orders that an unconditional writ of habeas corpus shall again issue, petitioner's conviction shall be expunged, and the State of Michigan shall not be permitted to reprosecute petitioner for this criminal offense.

When a state fails to comply with the conditions of a grant of conditional writ in

habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *Satterlee,* 453 F. 3d at 369; *See also Gentry v. Deuth,* 456 F. 3d 687, 692 (6th Cir. 2006); *cert. den.* 127 S. Ct. 838 (2006); *Fisher v. Rose*, 757 F. 2d 789, 791 (6th Cir. 1985). The Sixth Circuit "has consistently endorsed the use of conditional writs, whether by affirming district courts that grant them, instructing district courts to grant them, or granting them itself." *Satterlee,* 453 F. 3d at 369, n. 5 (internal citations omitted). "[S]uch decisions would be meaningless if a habeas court could not order a noncompliant state to release a prisoner." *Id.* If a state fails to comply with the terms of a conditional writ, an absolute or unconditional grant of a writ of habeas corpus should issue. *Gentry,* 456 F. 3d at 692. Because the State of Michigan has failed to comply with the terms of the conditional writ, an unconditional writ of habeas corpus shall issue in this case.

The Court also reiterates its original order that the judgment of conviction against petitioner for the offense of conspiracy to deliver over 650 grams of cocaine from the Ingham County Circuit Court from January 13, 1999 shall be vacated and the record of conviction shall be expunged. This Court has the power to order the expungment of petitioner's conviction as part of the issuance of an unconditional writ. *Satterlee,* 453 F. 3d at 370; *Gentry,* 456 F. 3d at 696.

The sole remaining question is whether the State of Michigan should be permitted to reprosecute petitioner. As part of its relief, a habeas court may forbid reprosecution in extraordinary circumstances, such as when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the

state's delay is likely to prejudice the petitioner's ability to mount a defense at trial. *Satterlee,* 453 F. 3d at 370.

The State of Michigan should not be permitted to reprosecute petitioner for this offense. In this case, permitting the reprosecution of petitioner "would not remedy the constitutional violation that led to the issuance of the writ." *Satterlee,* 453 F. 3d at 370, n. 7.

**IT IS HEREBY ORDERED THAT an Unconditional Writ of Habeas Corpus is GRANTED in accordance with the Court's previous orders.**

**IT IS FURTHER ORDERED that Petitioner's 1999 conviction for Conspiracy to Deliver Over 650 grams of Cocaine be vacated and expunged from his records by the Clerk of the Circuit Court for Ingham County, Michigan in accordance with the terms previously outlined by the Court.**

**IT IS FURTHER ORDERED THAT the State of Michigan shall be barred from reprosecuting petitioner for this offense.**

                                                                      s/Arthur J. Tarnow
                                                                      Arthur J. Tarnow
                                                                      United States District Judge

Dated: May 17, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 17, 2007, by electronic and/or ordinary mail.

                                         s/Catherine A. Pickles
                                         Judicial Secretary